IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

STRATEGIC MANAGEMENT
PARTNERS, LLC,

                    Plaintiff,

          v.                                    1:16-cv-3575-WSD

LEROY MURRAY,

                    Defendant.

## OPINION AND ORDER

This matter is before the Court on the frivolity review required under

28 U.S.C. § 1915(e)(2).

In August 2016, Plaintiff Strategic Management Partners, LLC ("Plaintiff")

filed its Dispossessory Warrant in the Magistrate Court of DeKalb County,

alleging that Defendant Leroy Murray ("Defendant") "fail[ed] to pay rent now

due." ([1.1] at 4).  On September 23, 2016, Defendant, proceeding *pro se*, filed his

Notice of Removal [1.1] and Application for Leave to Proceed *In Forma Pauperis*

[1] ("IFP Application").  On September 26, 2016, Magistrate Judge Russell G.

Vineyard granted Defendant's IFP Application and submitted this action to the

Court for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2).

Federal courts "have an independent obligation to determine whether

subject-matter jurisdiction exists, even in the absence of a challenge from any party." <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 501 (2006).  The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings.  Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."  <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir. 1999).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. . . .  The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." <u>Caterpillar, Inc. v. Williams</u>, 107 S. Ct. 2425, 2429 (1987) (citations omitted); <u>see</u> <u>Novastar Mortg. Inc. v. Bennett</u>, 173 F.Supp.2d 1358, 1361 (N.D. Ga. 2001) ("[T]he court must look only to the plaintiff's claim as a basis for federal jurisdiction.").  "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." <u>Kirkland v. Midland Mortg. Co.</u>, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). "[U]ncertainties are resolved in favor of remand." <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1095 (11th Cir. 1994).

2

Defendant has not established federal-question jurisdiction.  Plaintiff filed its Dispossessory Warrant in state court pursuant to O.C.G.A. § 44-7-50.  See Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010); Ikomoni v. Executive Asset Management, LLC, 709 S.E.2d 282, 286 (Ga. Ct. App. 2011) ("The exclusive method whereby a landlord may evict a tenant is through a properly instituted dispossessory action filed pursuant to OCGA § 44-7-50 *et seq.*").  "No federal law or authority is invoked on the face of the warrant.  Thus, the dispossessory claim that forms the basis of this action is exclusively a matter of state law."  Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010).  That Defendant asserts defenses or counterclaims, based on federal law, does not confer federal subject-matter jurisdiction over this action.  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).

Defendant also has not established diversity jurisdiction.  Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states.  28 U.S.C § 1332(a).  "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant."  Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994).  "Citizenship for diversity purposes is determined at the time the

suit is filed." <u>MacGinnitie v. Hobbs Grp., LLC</u>, 420 F.3d 1234, 1239 (11th Cir. 2005).  The burden of establishing diversity jurisdiction "rests with the defendant seeking removal." <u>Scimone v. Carnival Corp.</u>, 720 F.3d 876, 882 (11th Cir. 2013); <u>City of Vestavia Hills v. Gen. Fidelity Ins. Co.</u>, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction.").  "To sufficiently allege the citizenships of [limited liability companies, such as Plaintiff], a party must list the citizenships of all the members of the limited liability company." <u>Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.</u>, 374 F.3d 1020, 1022 (11th Cir. 2004).

Defendant fails to meet his burden to show diversity jurisdiction because he does not allege the citizenship of either party, and does not even identify the members of Plaintiff Strategic Management Partners, LLC.  Plaintiff's Dispossessory Warrant seeks a judgment for past due rent in the amount of $750 for the month of August 2016, and any rent accruing up to the date of judgment at the rate of $750 per month.  This does not show that the amount in controversy exceeds the $75,000 required for diversity jurisdiction.

Defendant has not shown that the Court has subject matter jurisdiction over this state dispossessory proceeding, and this action is required to be remanded to

the Magistrate Court of DeKalb County.  Cf. Citimortgage, Inc. v. Dhinoja, 705 F.

Supp. 2d 1378 (N.D. Ga. 2010) (finding that the court lacked federal jurisdiction

over a state dispossessory action, after it had been removed, and remanding to state

court for further proceedings).

For the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **REMANDED** to the

Magistrate Court of DeKalb County.

**SO ORDERED** this 3rd day of October, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE